UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GABRIEL SILLS,

        Petitioner,        1:14-cv-00638-CL

        v.        FINDINGS AND
                RECOMMENDATION
DAVID B. LONG (Warden),
ELLEN F. ROSENBLUM (Attorney
General of Oregon),

        Respondents.

CLARKE, Magistrate Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections (ODOC) pursuant to a judgment from the Jackson County Circuit Court after convictions for Sexual Abuse in the First Degree and Felon in Possession of a Weapon. Exhibit 101. After petitioner entered a conditional guilty plea, the court imposed sentences totaling 99 months of

1 - FINDINGS AND RECOMMENDATION

imprisonment to run consecutively to a sentence received in a San Diego, California case.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed and the Oregon Supreme Court denied review. Petitioner did not file a petition for post-conviction relief.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging two grounds for relief. Petitioner alleges as Ground One "[d]enial of right to speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution. Petitioner alleges as Ground Two "[d]enial of the right against unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution."

Respondent now moves to deny relief on the grounds that petitioner did not raise his (federal) speedy trial claim on direct appeal and that claim is procedurally defaulted. Respondent argues that petitioner's unreasonable search and seizure claim is "not cognizable in this proceeding." Response to Petition (#25) p. 6.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the

state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005); see also, Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989);

3 - FINDINGS AND RECOMMENDATION

Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984); Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

In this case, petitioner raised a speedy trial argument

4 - FINDINGS AND RECOMMENDATION

on direct appeal. However, he did not argue that he was denied his right to a speedy trial under the federal constitution. Instead he argued that the trial court violated his right to a speedy trial under Oregon law. Exhibit 108, p. 8.[1]

In arguing the standard which the Oregon Court of Appeals should review the petitioner's claim, petitioner referenced only state law, citing ORS 135.474, ORS 135.750, and *State v. Johnson*, 339 69 (2005). Petitioner's single reference to the federal constitution in the "Preservation of Error" section of the appellate brief was insufficient to alert the Oregon Court of Appeals that he intended to rely on the Constitution or federal authority in support of his speedy trial argument. *See*, Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999).

---

[1]

Much of petitioner's argument on direct appeal concerned his contention that, by failing to appear at his trial on the charge of Felon in Possession of a weapon, he did not implicitly consent to the delay in being brought to trial on that charge. Thus, petitioner's decision to rely on Oregon speedy trial statutes, rather than the federal constitution, may well have been a *tactical* choice in view of the significant obstacles such an argument would have faced under federal law. *See*, eg. U.S. v. Sandoval, 990 F.2d 481, 485 (9th Cir. 1993) (finding no violation of defendant's Sixth Amendment speedy-trial right where the defendant "skipped bail and became a fugitive to avoid prosecution.").

5 - FINDINGS AND RECOMMENDATION

The time for presenting new claims is long past.[2] Therefore, plaintiff's federal speedy trial claim is procedurally defaulted. Petitioner has not alleged any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Accordingly, Ground One is not properly before the court and should be denied.

In Ground Two, petitioner alleges that he was denied his "right against unreasonable searches and seizure, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution."

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court explained that "where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his

---

[2] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires that PCR appeals be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court be filed within 35 days from the date of the Court of Appeals' decision. See also, ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

6 - FINDINGS AND RECOMMENDATION

trial." (Footnotes omitted). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996)(*citing*, Gordon v. Duran, 895 F.2d 601, 613 (9th Cir. 1990); Locks v. Sumner, 703 F.2d 403, 408 (9th Cir.), *cert. denied*, 464 U.S. 993 (1983).

Petitioner's illegal search and seizure claim is not cognizable in this proceeding and should be denied.

Based on all of the foregoing, petitioner's Petition (#2) should be denied and the clerk should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the

factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 21 day of ~~December~~ January 2015.

_____
Mark D. Clarke
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION